PRESTON EASLEY, State Bar No. 108347
(maritime@earthlink.net)
CHRISTOPHER BULONE, State Bar No. 278882
(christopher@prestoneasley.com)
LEVI PLESSET, State Bar No. 296039
LAW OFFICES OF PRESTON EASLEY
2500 Via Cabrillo Marina, Suite 106
San Pedro, California 90731-7724
Telephone:  (310)832-5315
Facsimile:   (310)832-7730

Attorneys for Plaintiff
   CHRISTOPHER BATTERTON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BATTERTON,<br><br>  Plaintiff,<br><br> v.<br><br><br>THE DUTRA GROUP,<br><br>  Defendant. | Case No:<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |

  COMES NOW PLAINTIFF CHRISTOPHER BATTERTON and complains of defendant and alleges:

FIRST CAUSE OF ACTION FOR NEGLIENCE

1. At all times mentioned herein plaintiff CHRISTOPHER BATTERTON was employed by defendant THE DUTRA GROUP as

-1-

a deckhand on the excavator dredge EM1106 and SCOW 2 and SCOW 3 which were vessels in navigation owned, controlled, crewed, maintained, supplied, outfitted, operated and managed by defendant. He is a Jones Act seaman and was a crewman on the aforementioned vessels in navigation.

2. Plaintiff CHRISTOPHER BATTERTON is a resident of Buena Park, California.

3. Defendant THE DUTRA GROUP is a resident of San Rafael, California.

4. The bases of federal jurisdiction are the Jones Act, 46 U.S.C. Sec. 30104, admiralty and the General Maritime Law.

5. On or about August 30, 2014, plaintiff CHRISTOPHER BATTERTON suffered severe and disabling injuries while working aboard the vessel SCOW 3 in navigable waters near Balboa Island, Newport Beach, California when a hatchcover blew open and crushed his left hand as a result of pressurized air which defendant negligently allowed to build up in the compartment below.  Said accident was caused by the defendant's negligent failure to provide any exhaust mechanism for the pressurized air which defendant pumped into the compartment below the hatchcover and defendant's negligence in

allowing an excessive amount of air pressure to build up in said compartment.  Defendant negligently failed to provide plaintiff with a safe place to work and a safe method for doing his work.

6. As a result of defendant's negligence plaintiff was hurt and injured in his health, strength and activity, sustaining serious injuries, all of which have caused and continue to cause plaintiff great mental, physical and nervous pain and suffering and loss of enjoyment of life in an amount to be proven at trial.  Plaintiff informed and believes that thereon alleges that such injuries will result in permanent disability to him.

7. As a further result of defendant's negligence plaintiff has incurred and will continue to incur medical and related expenses, the full amount of which is not known to plaintiff at this time, and plaintiff will move to amend this complaint to state such amount when the same becomes known to him, on proof thereof.  The amount of plaintiff's medical expenses will be proven at trial.

8. As a further result of defendant's negligence plaintiff's earning capacity has been greatly impaired, both past and future, and plaintiff has suffered and will continue to suffer a loss of wages, fringe benefits and wage earning capacity and the ability to perform household

services.  The exact amount is not known to plaintiff as the time, the plaintiff will move to amend this complaint to state such amount when the same becomes known to him, on proof thereof, and such amount will be proven at trial.

SECOND CAUSE OF ACTION FOR UNSEAWORTHINESS

9. Plaintiff incorporates by reference, as though fully set forth below, each and every allegation of paragraphs 1 through 8 of the First Cause of Action herein.

10. While plaintiff was assigned to the vessel SCOW 3 in navigable waters near Balboa Island, Newport Beach, California on or about August 30, 2014, defendant failed to provide plaintiff with a seaworthy vessel in that there was no exhaust mechanism for the pressurized air that defendant was pumping into a compartment on SCOW 3.  Plaintiff was not provided with a safe method for doing his work.  As a result of the unseaworthiness of vessel SCOW 3 plaintiff suffered severe and disabling injuries when the pressurized air in said compartment caused the hatchcover at the top of said compartment to blow open and crush plaintiff's left hand causing plaintiff severe and disabling injuries.

11. At the times and places mentioned herein by provision of the General Maritime Law of the United States, defendant warranted to plaintiff

that SCOW 3, its decks, equipment, tackle, crews and procedures were seaworthy and reasonably fit for their intended use.

12. Defendant recklessly, willfully, wantonly and callously breached the aforesaid warranty of seaworthiness insofar as the vessel SCOW 3 lacked any mechanism or means for exhausting pressurized air from the aforementioned compartment on said vessel thereby causing an excessive build up of pressurized air in said compartment which caused the hatchcover on said compartment to blow open and strike plaintiff, crushing his left hand and causing severe and disabling injuries.  As a result of the aforementioned intentional breach of the warranty of seaworthiness defendant is liable for punitive damages.

THIRD CAUSE OF ACTION FOR MAINTENANCE AND CURE AND UNEARNED WAGES

13. Plaintiff incorporates by reference, as though fully set forth below, each and every allegation of paragraphs 1 through 12 of the First and Second Causes of Action herein.

14. On or about August 30, 2014, while the vessel SCOW 3 was in navigable waters near Balboa Island, Newport Beach, California, plaintiff suffered severe and disabling injuries

15. Immediately prior to suffering these injuries, plaintiff was a strong, able bodied person, capable of continuous gainful employment in the occupation of deckhand. By reason of these disabling injuries, plaintiff has been caused to suffer great physical and mental pain and suffering, and had incurred and will continue to incur medical and related expenses, and for a period of time was and will be unable to attend to his usual occupation as a deckhand. He is therefore entitled to maintenance and cure and unearned wages.

WHEREFORE, plaintiff prays judgment against defendant as follows:

1. For general damages, according to proof;

2. For damages for medical and related expenses, according to proof;

3. For damages for lost earnings, both past and future, and loss of earning capacity and fringe benefits, and loss of ability to perform household services, according to proof;

4. For an amount representing plaintiff's maintenance and cure and unearned wages, according to proof;

5. For costs of suit herein incurred;

6. For punitive damages in accordance with the allegations of paragraphs 9 through 12 herein above; and


7. For such other and further relief as the Court may deem proper.


Date: October 2, 2014        /s/ Preston Easley
                             PRESTON EASLEY
                             CHRISTOPHER BULONE
                             LEVI PLESSET
                             Attorneys for Plaintiff
                             CHRISTOPHER BATTERTON

-8-

## DEMAND FOR JURY TRIAL

Plaintiff CHRISTOPHER BATTERTON hereby demands a trial by jury in this action.


Dated:  October 2, 2014                     /s/ Preston Easley
                                            PRESTON EASLEY
                                            CHRISTOPHER BULONE
                                            LEVI PLESSET
                                            Attorneys for Plaintiff
                                            CHRISTOPHER BATTERTON