1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT OF CALIFORNIA

10   CHRISTOPHER BATTERTON,          )  CASE NO. 14-CV-7667-PJW
                                     )
11                                   )  ORDER DENYING DEFENDANT'S MOTION
                    Plaintiff,       )  TO STRIKE PUNITIVE DAMAGES FROM
12                                   )  THE COMPLAINT OR IN THE
            v.                       )  ALTERNATIVE TO DISMISS FOR
13                                   )  FAILURE TO STATE A CLAIM
     THE DUTRA GROUP,                )
14                                   )
                    Defendant.       )
15   _____)

16                                   I.

17                              INTRODUCTION

18       Before the Court is Defendant The Dutra Group's motion to strike

19   Plaintiff's punitive damages claim.  Alternatively, Defendant moves to

20   dismiss that claim for failure to state a claim upon which relief may

21   be granted.  For the following reasons, the motion is denied.

22                                   II.

23                          STATEMENT OF FACTS

24       Plaintiff Christopher Batterton is a former employee of The Dutra

25   Group.  (First Amended Complaint ("FAC") at ¶ 1.)  He worked as a

26   deckhand and crew member on a number of vessels that were owned and

27   operated by Defendant.  (FAC at ¶ 2.)  In August 2014, he was working

28   aboard the SCOW 3 near Newport Beach, California, when a hatchcover

blew open as a result of too much pressure in a compartment below the hatch and crushed his left hand. (FAC at ¶ 5.) Plaintiff sustained serious injuries and believes that he will be permanently disabled as a result. (FAC at ¶ 11.)

Following the accident, Plaintiff brought this action for negligence, unseaworthiness, maintenance and cure, and unearned wages. He seeks general and punitive damages. (FAC at 7.) Defendant moves to dismiss Plaintiff's punitive damages claim under Federal Rule of Civil Procedure 12(b)(6) on the ground that, as a matter of law, punitive damages are not available in a maritime action. For the following reasons, the motion is denied.[1]

III.

ANALYSIS

A.   Standard of Review

In ruling on a motion to dismiss, the Court accepts as true the factual allegations contained in the complaint and views all inferences in a light most favorable to the plaintiff. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001). Dismissal for failure to state a claim is appropriate if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* Dismissal is appropriate only if there is no cognizable legal theory or an absence of sufficient

---

[1]   Defendant also argues that the punitive damages claim should be stricken under Federal Rule of Civil Procedure 12(f) on the ground that it is "redundant, immaterial, impertinent, or scandalous." (Motion at 4.) The Court finds that Rule 12(f) does not apply, *see Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, (9th Cir. 2010) (holding "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law"), and analyzes the motion under Rule 12(b)(6).

2

1  facts alleged to support a cognizable legal theory.  *Navarro v. Block*,
2  250 F.3d 729, 732 (9th Cir. 2001).

3  B.  <u>The Law of this Circuit Holds that Punitive Damages are Available</u>
4      <u>in Unseaworthiness Claims</u>

5       Defendant moves to dismiss Plaintiff's punitive damages claim,
6  arguing that under "controlling, unequivocal, and settled legal
7  authority . . . punitive damages are <u>not</u> available for personal injury
8  actions based on claims of unseaworthiness."  (Motion at 3.)  In
9  support of its motion, it relies primarily on the Supreme Court's
10  decision in *Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990), and the
11  Fifth Circuit's decision in *McBride v. Estis Well Service, LLC*, 768
12  F.3d 382 (5th Cir. 2014) (en banc).  In *Miles*, the Supreme Court held
13  that the family of a seaman who had died on a ship could not recover
14  non-pecuniary damages for loss of society because such damages were
15  barred by the Jones Act, which governed, and the family could not
16  sidestep that bar by bringing a claim for unseaworthiness under
17  general maritime law.  In *McBride*, decided by an en banc panel of the
18  Fifth Circuit in September of this year, the court held that punitive
19  damages were barred in unseaworthiness actions under general maritime
20  law.

21       Plaintiff contends that *Miles* was limited to wrongful death suits
22  and does not bar punitive damages here.  In support of his argument,
23  he cites *Atlantic Sounding Co., Inc. v. Townsend*, 557 U.S. 404, 419
24  (2009), wherein the Supreme Court held that punitive damages were
25  available in maintenance and cure actions because they were available
26  before the Jones Act and the Jones Act did not purport to change that
27  law.  As to *McBride*, Plaintiff argues that it is not binding on this
28  Court and that *Evich v. Morris*, 819 F.2d 256, 258 (9th Cir. 1987)

1  (overruled on other grounds), which is, specifically holds that
2  punitive damages are available in unseaworthiness claims.

3      Having closely read all of these cases and a host of others on
4  point, the Court is certain of one thing: the law on this issue is not
5  unequivocal or settled as urged by Defendant.  In fact, the Court
6  would characterize the law as equivocal and unsettled.  To begin with,
7  the United States Supreme Court has never decided whether punitive
8  damages are available in an unseaworthiness claim like the one at bar.
9  And, though the Fifth Circuit took a stab at the issue in September,
10  the majority garnered only eight of 15 votes.  Thus, seven of the 15
11  appellate judges who decided this issue three months ago believed that
12  punitive damages were available in unseaworthiness claims under
13  general maritime law.

14      The Court then turns to the Ninth Circuit law.  In *Evich*, decided
15  in 1987, the Ninth Circuit made clear that punitive damages are
16  available in unseaworthiness claims under general maritime law.
17  *Evich,* 819 F.2d at 258.  Interestingly, the Court relied on a Fifth
18  Circuit case, *In re Merry Shipping, Inc.,* 650 F.2d 622, 625 (5th Cir.
19  1981), to reach this conclusion.  In 1990, the Supreme Court decided
20  *Miles*, holding that non-pecuniary damages were not available in
21  wrongful death suits by family members because they were not available
22  under the governing Jones Act and the family members were not allowed
23  to sidestep this bar by suing under general maritime law.  In the wake
24  of *Miles* it was uncertain whether *Evich* was still good law.  In 1994,
25  in *Sutton v. Earles*, 26 F.3d 903, 919-20 (9th Cir. 1994) and *Davis v.*
26  *Bender Shipbuilding & Repair Co.,* 27 F.3d 426, 427 (9th Cir. 1994),
27  the circuit explained that it was, holding that *Miles* only called into
28  doubt *Evich*'s holdings as to survival actions asserted by seamen's

1  estates in wrongful death suits.  Nothing from the Ninth Circuit since

2  then has suggested that the law is otherwise.

3      Thus, as the Court sees it, *Evich*'s holding that punitive damages

4  are available in unseaworthiness claims under general maritime law has

5  never been expressly or impliedly overruled.  Nor is it clearly

6  irreconcilable with *Miles* or any of the Supreme Court's other

7  decisions since 1987.  As such, it is still good law in this circuit.

8  *See, e.g., Wagner v. Kona Blue Water Farms, LLC*, No. 9-600 JMS/BMK,

9  2010 WL 3566731, at *6-7 (D. Hi. Sept. 13, 2010) (holding *Evich*'s

10  holding that punitive damages are available in general maritime suit

11  still good law in the Ninth Circuit despite *Miles*); *Rowe v. Hornblower*

12  *Fleet*, No. C-11-4979 JCS, 2012 WL 5833541 (N.D. Cal. Nov. 16, 2012)

13  (denying motion to dismiss punitive damages claim in unseaworthiness

14  action as "[t]here are no provisions in the Jones Act that limit the

15  right to seek punitive damages on a claim for unseaworthiness . . .

16  [and] *Evich* is not clearly irreconcilable with *Miles* and *Atlantic*

17  *Sounding*.").  For these reasons, Defendant's motion to dismiss

18  Plaintiff's punitive damages claim is denied.

19      IT IS SO ORDERED.

20      DATED:    December 15, 2014

21

22

23      PATRICK J. WALSH
        UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28  S:\PJW\Cases-Consent\Batterton v. Dutra\MTD ORDER.wpd