FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CHRISTOPHER BATTERTON,
        *Plaintiff-Appellee,*

v.

DUTRA GROUP,
        *Defendant-Appellant.*

No. 15-56775

D.C. No.
2:14-cv-07667-PJW

OPINION

Appeal from the United States District Court
for the Central District of California
Patrick J. Walsh, Magistrate Judge, Presiding

Argued and Submitted February 8, 2017
Pasadena, California

Filed January 23, 2018

Before: Sidney R. Thomas, Chief Judge, and Andrew J. Kleinfeld and Jacqueline H. Nguyen, Circuit Judges.

Opinion by Judge Kleinfeld

## SUMMARY[*]

### Maritime Law

Affirming the district court's denial of the defendant's motion to strike a prayer for punitive damages, the panel held that punitive damages are awardable to seamen for their own injuries in general maritime unseaworthiness actions.

Disagreeing with the Fifth Circuit, the panel concluded that *Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990), did not implicitly overrule the holding of *Evich v. Morris*, 819 F.2d 256 (9th Cir. 1987), that punitive damages are an available remedy for unseaworthiness claims.

### COUNSEL

Barry W. Ponticello (argued) and Renee C. St. Clair, England Ponticello & St. Clair, San Diego, California, for Defendant-Appellant.

David W. Robertson (argued), Dripping Springs, Texas; Adam K. Shea and Brian J. Panish, Panish Shea & Boyle LLP, Los Angeles, California; Preston Easley, Law Offices of Preston Easley APC, San Pedro, California; for Plaintiff-Appellee.

Kenneth G. Engerrand, Brown Sims P.C., Houston, Texas, for Amicus Curiae Kenneth G. Engerrand.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Michael F. Sturley, Austin, Texas; Lyle C. Cavin Jr., Law Offices of Lyle C. Cavin Jr., San Francisco, California; William L. Banning, Banning LLP, Rancho Santa Fe, California; Paul T. Hofmann, Hofmann & Schweitzer, Raritan, New Jersey; for Amici Curiae Mick McHenry, Frank Maloney, and Aifeula Moloasi.

John R. Hillsman, McGuinn Hillsman & Palefsky, San Francisco, California, for Amicus Curiae Sailors' Union of the Pacific.

Robert S. Peck and Jeffrey R. White, Center for Constitutional Litigation P.C., Washington, D.C.; Larry A. Tawwater, President, American Association for Justice, Washington, D.C.; for Amicus Curiae American Association for Justice.

## OPINION

KLEINFELD, Senior Circuit Judge:

We address the availability of punitive damages for unseaworthiness.

This case comes to us on a 28 U.S.C. § 1292(b) certification for interlocutory appeal. The district court certified the appeal, and we granted permission for it. District courts within our circuit have divided on the

substantive issue,[1] as have the circuits,[2] and the issue is of considerable importance in maritime law.

## Facts

The case comes to us on the pleadings and nothing else. The district court denied a motion to strike the portion of the prayer seeking punitive damages for unseaworthiness. We therefore take our facts from the complaint. They are not proved, and we intimate no view as to whether punitive damages may ultimately turn out to be appropriate.

The plaintiff, Christopher Batterton, was a deckhand on a vessel owned and operated by the defendant, Dutra Group. While Batterton was working on the vessel in navigable waters, a hatch cover blew open and crushed his left hand. Pressurized air was being pumped into a compartment below the hatch cover, and the vessel lacked an exhaust mechanism to relieve the pressure when it got too high. The lack of a mechanism for exhausting the pressurized air made the vessel unseaworthy and caused permanent disability and other damages to Batterton.

---

[1] *Compare, e.g., Rowe v. Hornblower Fleet*, No. C-11-4979 JCS, 2012 WL 5833541, at *900 (N.D. Cal. Nov. 16, 2012) *and Wagner v. Kona Blue Water Farms, LLC*, 2010 A.M.C. 2469, 2483 (D. Haw. Sept. 13, 2010) *with Jackson v. Unisea, Inc.*, 824 F. Supp. 895, 897–98 (D. Alaska 1992) *and Complaint of Aleutian Enter., Ltd.*, 777 F. Supp. 793, 796 (W.D. Wash. 1991).

[2] *Compare Evich v. Morris*, 819 F.2d 256, 258 (9th Cir. 1987), *overruling on other grounds acknowledged by Saavedra v. Korean Air Lines Co.*, 93 F.3d 547, 553–54 (9th Cir. 1996) *and Self v. Great Lakes Dredge & Dock Co.*, 832 F.2d 1540, 1550 (11th Cir. 1987) *with McBride v. Estis Well Service*, 768 F.3d 382, 384 (5th Cir. 2014) (en banc) *and Horsley v. Mobil Oil Corp.*, 15 F.3d 200, 203 (1st Cir. 1994).

BATTERTON V. DUTRA GROUP 5

### Analysis

The only question before us is whether punitive damages are an available remedy for unseaworthiness claims. We answered it in *Evich v. Morris*.[3] That would be the end of the case, except that Dutra contends, and the Fifth Circuit agrees,[4] that the later Supreme Court decision in *Miles v. Apex Marine Corp.*[5] implicitly overrules *Evich*.

In *Evich* we squarely held that "[p]unitive damages are available under general maritime law for claims of unseaworthiness, and for failure to pay maintenance and cure."[6] We distinguished Jones Act claims, where punitive damages are unavailable.[7] The standard for punitive damages, we held, was "conduct which manifests 'reckless or callous disregard' for the rights of others . . . or 'gross negligence or actual malice [or] criminal indifference.'"[8]

*Evich* was a wrongful death case, not an injury case.[9] But we did not speak to whether there might be any distinction

---

[3] 819 F.2d at 258.

[4] *See McBride*, 768 F.3d at 384.

[5] 498 U.S. 19 (1990).

[6] 819 F.2d at 258 (citations omitted).

[7] *Id.*

[8] *Id.* at 258–59 (quoting *Protectus Alpha Nav. Co. v. N. Pac. Grain Growers, Inc.*, 767 F.2d 1379, 1385 (9th Cir. 1985)).

[9] *Id.* at 258.

6 BATTERTON V. DUTRA GROUP

regarding the availability of punitive damages according to whether the seaman had died. Generally, the availability of damages is more restricted in wrongful death cases than in injury cases. So without authority to the contrary, we have no reason to distinguish *Evich* and limit its holding to wrongful death cases. No party has suggested that we do so.

Under *Miller v. Gammie*,[10] we must follow *Evich* unless it is "clearly irreconcilable" with the Supreme Court's decision in *Miles*.[11] *Miles* holds that loss of society damages are unavailable in a general maritime action for the wrongful death of a seaman and that lost future earnings are unavailable in a general maritime survival action.[12] That is because wrongful death damages are limited to "pecuniary loss"[13] and because "[t]he Jones Act/[Federal Employers' Liability Act] survival provision limits recovery to losses suffered during the decedent's lifetime."[14]

The Supreme Court's more recent decision in *Atlantic Sounding Co. v. Townsend*[15] speaks broadly: "Historically, punitive damages have been available and awarded in general

---

[10] 335 F.3d 889 (9th Cir. 2003).

[11] *Id.* at 893.

[12] *Miles*, 498 U.S. at 37.

[13] *Id.* at 32.

[14] *Id.* at 36.

[15] 557 U.S. 404 (2009).

BATTERTON V. DUTRA GROUP  7

maritime actions, including some in maintenance and cure."[16] Unseaworthiness is a general maritime cause of action.[17] *Townsend* reads *Miles* as limiting the availability of damages for loss of society and lost future earnings[18] and holds that *Miles* does not limit the availability of punitive damages in maintenance and cure cases.[19]  By implication, *Townsend* holds that *Miles* does not limit the availability of remedies in other actions "under general maritime law,"[20] which includes unseaworthiness claims.

Arguably, *Townsend* leaves room for a distinction between maintenance and cure claims and unseaworthiness claims.  The Court recognizes that "remedies for negligence, unseaworthiness, and maintenance and cure have different origins and may on occasion call for application of slightly different principles and procedures."[21]  But nothing in *Townsend*'s reasoning suggests that such a distinction would mean that a limitation ought to be made on the availability of punitive damages as a remedy for general maritime unseaworthiness claims.

---

[16] *Id.* at 407.

[17] *See id.* at 419; *see also Miles*, 498 U.S. at 29.

[18] *Townsend*, 557 U.S. at 419.

[19] *Id.*

[20] *Id.* at 421.

[21] *Id.* at 423 (quoting *Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 18 (1963)).

| 8 | BATTERTON V. DUTRA GROUP |
|---|---|

So far our discussion suggests that *Miles* does not overturn *Evich*, that *Evich* remains in force as controlling circuit law, and that *Evich*'s holding that punitive damages are available as a remedy for unseaworthiness claims is undisturbed and binding. Appellant's arguments to the contrary, though, are given force by *McBride v. Estis Well Service*.[22]

*McBride*, a sharply divided Fifth Circuit en banc decision, holds that "punitive damages are non-pecuniary losses"[23] and therefore may not be recovered under the Jones Act or under the general maritime law.[24] We held in another context in *Kopczynski v. The Jacqueline* that "[p]unitive damages are non-pecuniary" and so are not allowable under the Jones Act.[25] *McBride* has five extensive and scholarly opinions addressing all sides of the question. Six dissenters note that *Miles* "addressed the availability of loss of society damages to non-seamen under general maritime law, not punitive damages,"[26] and that "*Townsend* announced the default rule that punitive damages are available for actions under the general maritime law (such as unseaworthiness)."[27]

---

[22] 768 F.3d 382 (5th Cir. 2014) (en banc).

[23] *Id.* at 384.

[24] *Id.*

[25] 742 F.2d 555, 561 (9th Cir. 1984).

[26] 768 F.3d at 408–09 (Higginson, J., dissenting).

[27] *Id.* at 413 n.16; *see id.* at 418.

BATTERTON V. DUTRA GROUP 9

Well before our decision in *Evich*, the Supreme Court addressed in *Moragne v. States Marine Lines, Inc.*[28] whether the general maritime law affords a cause of action for wrongful death. The Court overruled its 1886 decision that it did not.[29] Though *Moragne* concerns the availability of a wrongful death action under the general maritime law, it matters in our case, where the seaman did not die, because it bears on how we should understand *Miles*.

*Moragne* holds that the denial of a wrongful death remedy "had little justification except in primitive English legal history."[30] Lord Ellenborough had held in *Baker v. Bolton* that in "a Civil court, the death of a human being could not be complained of as an injury."[31] The Court noted that there was no good reason to maintain this "barbarous" view,[32] let alone extend it to the maritime law, the principles of which "included a special solicitude for the welfare of those men who undertook to venture upon hazardous and unpredictable sea voyages."[33] In any event, the common law rule had been overturned in England by Lord Campbell's Act, in American states by wrongful death statutes, and in our federal law by the Federal Employers' Liability Act, the Death on the High

---

[28] 398 U.S. 375 (1970).

[29] *Id.* at 409 (overruling *The Harrisburg*, 119 U.S. 199 (1886)).

[30] *Id.* at 379.

[31] *Id.* at 383 (quoting Baker v. Bolton, 1 Camp. 493, 170 Eng. Rep. 1033 (1808)).

[32] *Id.* at 381.

[33] *Id.* at 387.

Seas Act, and the Jones Act.[34] The Court noted that its "transformation of the shipowner's duty to provide a seaworthy ship into an absolute duty not satisfied by due diligence" had made unseaworthiness doctrine "the principal vehicle for recovery by seamen for injury or death."[35] It concluded that the limitations of the Death on the High Seas Act did not preclude the availability of a wrongful death remedy under the general maritime law where the Act did not apply.[36]

Three years after our decision in *Evich*, the Supreme Court decided *Miles v. Apex Marine Corp.*[37] *Miles* was a wrongful death case.[38] The immediate issues before the Court were whether the parent of a deceased seaman could recover under the general maritime law for loss of society and whether a seaman's lost future earnings claim survived his death.[39] A fellow crew member had stabbed a seaman to death.[40] His mother brought a Jones Act negligence claim for failure to prevent the deadly assault and a general maritime unseaworthiness claim for hiring an unfit crew member.[41]

---

[34] *Id.* at 389–90, 394.

[35] *Id.* at 399.

[36] *Id.* at 402.

[37] 498 U.S. 19 (1990).

[38] *Id.* at 21.

[39] *Id.* at 23.

[40] *Id.* at 21.

[41] *Id.*

BATTERTON V. DUTRA GROUP  11

Among other things, she sought loss of society, lost future income, and punitive damages.[42] The jury, though it found negligence, rejected the unseaworthiness claim, returning a verdict that the ship was seaworthy.[43] The Fifth Circuit reversed, holding that because of the extraordinarily violent disposition of the fellow crewman, the ship was unseaworthy as a matter of law.[44]

*Miles* declined to limit *Moragne* to its facts.[45] The Court noted that the "Jones Act evinces no general hostility to recovery under maritime law."[46] It does not "disturb seamen's general maritime claims for injuries resulting from unseaworthiness."[47] Nor does it "preclude the recovery for wrongful death due to unseaworthiness."[48] The permissibility of a punitive damages award was not before the Court, just loss of society and of future earnings.[49]

The basis for Dutra's argument that *Miles* implicitly overturns *Evich* is *Miles*'s discussion of damages. Noting that the Death on the High Seas Act limited the availability of

---

[42] *Id.* at 21–22.

[43] *Id.* at 22.

[44] *Id.*

[45] *Id.* at 27.

[46] *Id.* at 29.

[47] *Id.*

[48] *Id.*

[49] *See id.* at 23.

damages for wrongful death to "*pecuniary* loss sustained by the persons for whose benefit the suit is brought,"[50] the Court held that damages "for non-pecuniary loss, such as loss of society, in a general maritime action" are barred.[51] Likewise, Lord Campbell's Act, which is the basis for most state and federal statutes for wrongful death recovery, had long been interpreted to provide recovery only for pecuniary loss.[52] And so the Court concluded that the Jones Act, too, having inherited the Supreme Court's interpretation in *Vreeland* of Lord Campbell's Act and the Federal Employers' Liability Act, also limited recovery to "pecuniary loss."[53] The Court therefore held that "there is no recovery for loss of society in a general maritime action for the wrongful death of a Jones Act seaman."[54]

But it is not apparent why barring damages for loss of society should also bar punitive damages. *Miles* itself suggests no such broad interpretation of "pecuniary loss"—it expressly notes that the Jones Act "evinces no general hostility to recovery under maritime law" and "does not disturb seamen's general maritime claims for injuries

---

[50] *Id.* at 31 (quoting then 46 U.S.C. App. § 762, now 46 U.S.C. App. § 30303).

[51] *Id.*

[52] *Id.* at 32.

[53] *Id.* (citing *Michigan Cent. R. Co. v. Vreeland*, 227 U.S. 59, 69–71 (1913)).

[54] *Id.* at 33.

resulting from unseaworthiness."[55] Lord Campbell's Act and its progeny provide an opportunity for a sailor's widow and children to recover the money that they were deprived of by his death. That is what "pecuniary loss" means: loss of money.[56] Non-pecuniary damages have long been understood to mean claims for such injuries as physical pain, mental anguish, or humiliation,[57] as well as loss of consortium. Punitive damages, allowed by *Evich*, are not "pecuniary loss." Though they are pecuniary, that is, like all damages, for money, they are not for loss. They are punitive, not compensatory. Their relationship to loss is that they may not exceed some multiple of the compensatory damages.[58]

That a widow may not recover damages for loss of the companionship and society of her husband has nothing to do with whether a ship or its owners and operators deserve punishment for callously disregarding the safety of seamen. One might reasonably argue that loss of society is more important than such punishment, or that such punishment is more important than loss of society. However, it cannot reasonably be argued that they are both compensation for "loss." If they were, they would fall within the rubric of compensatory damages, not punitive damages.

---

[55] *Id.* at 29.

[56] *See Pecuniary* and *Pecuniary Damages*, Black's Law Dictionary (10th ed. 2014).

[57] Charles T. McCormick, Handbook on the Law of Damages 105 (West 1935).

[58] *See, e.g.*, *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 513–15 (2008).

Following *Miles*, we held in *Smith v. Trinidad Corp.* that loss of consortium damages are unavailable to the wives of injured mariners in their own actions under the Jones Act or general admiralty law.[59] And we noted in *Chan v. Society Expeditions, Inc.* that neither the general maritime law nor the Jones Act permits recovery for loss of society for the wrongful death of a seaman, nor does the Jones Act permit it for injury.[60] Neither speaks to punitive damages.

Whatever room might be left to support broadening *Miles* to cover punitive damages was cut off by the Supreme Court's decision in *Atlantic Sounding Co. v. Townsend*.[61] The shipowner in *Townsend* argued that *Miles* barred punitive damages for willful failure to pay maintenance and cure.[62] The Court noted that "[h]istorically, punitive damages have been available and awarded in general maritime actions."[63] It found "that nothing in *Miles* or the Jones Act eliminates that availability."[64] Unseaworthiness is a general maritime action long predating the Jones Act.[65]

---

[59] 992 F.2d 996 (9th Cir. 1993).

[60] 39 F.3d 1398, 1407 (9th Cir. 1994).

[61] 557 U.S. 404 (2009).

[62] *Id.* at 418–19.

[63] *Id.* at 407.

[64] *Id.*

[65] *See id.* at 419; *see also Miles*, 498 U.S. at 29; *Tabingo v. Am. Triumph LLC*, 391 P.3d 434, 438–40 (Wash. 2017).

BATTERTON V. DUTRA GROUP 15

It is true, as Dutra contends, that *Miles*, taken alone, might arguably be read to suggest that the available damages for a general maritime unseaworthiness claim by an injured seaman should be limited to those damages permissible under the Jones Act for wrongful death. But that is a stretch. The remark upon which Dutra relies is *Miles*'s justification for its narrower conclusion: "that there is no recovery for loss of society in a general maritime action for the wrongful death of a Jones Act seaman."[66] Dutra takes that narrow remark out of context and reads it expansively.[67] *Miles*'s juxtaposition of the terms "pecuniary" and "non-pecuniary loss" was with reference to loss of society, not punitive damages.[68] *Miles* did not address punitive damages. It expressly noted that the Jones Act "evinces no general hostility to recovery under

---

[66] *Miles*, 498 U.S. at 33.

[67] *Miles* states:

> The Jones Act also precludes recovery for loss of society in this case. The Jones Act applies when a seaman has been killed as a result of negligence, and it limits recovery to pecuniary loss. The general maritime claim here alleged that Torregano had been killed as a result of the unseaworthiness of the vessel. It would be inconsistent with our place in the constitutional scheme were we to sanction more expansive remedies in a judicially created cause of action in which liability is without fault than Congress has allowed in cases of death resulting from negligence. We must conclude that there is no recovery for loss of society in a general maritime action for the wrongful death of a Jones Act seaman.

*Id.* at 32–33.

[68] *See id.* at 31–33.

maritime law" and "does not disturb seamen's general maritime claims for injuries resulting from unseaworthiness."[69] *Miles* further holds that lost future earnings are unavailable in a general maritime survival action.[70] But that is because "[t]he Jones Act/[Federal Employers' Liability Act] survival provision limits recovery to losses suffered during the decedent's lifetime."[71]

It is also true, as Dutra argues, that if we were to interpret *Miles* broadly and *Townsend* narrowly, as the Fifth Circuit has in *McBride*, then we might infer that *Miles* implicitly overruled *Evich*. But we would then have to disregard *Miles*'s statement that the Jones Act "does not disturb seamen's general maritime claims for injuries resulting from unseaworthiness."[72] The Fifth Circuit's leading opinions in *McBride* are scholarly and carefully reasoned, but so are the dissenting opinions, which to us are more persuasive.

Starting with Lord Campbell's Act, and continuing through the Federal Employers' Liability Act, the Death on the High Seas Act, and the Jones Act, wrongful death is a statutory cause of action.[73] There is no way to compensate a dead seaman for the wrong done to him. Compensation for his survivors is generally limited by statute to their resulting

---

[69] *Id.* at 29.

[70] *Id.* at 36.

[71] *Id.*

[72] *Id.* at 29.

[73] *Id.* at 31–32.

BATTERTON V. DUTRA GROUP 17

"pecuniary loss."[74] These limitations, based on the restrictive recoveries permitted for wrongful death, have no application to general maritime claims by living seamen for injuries to themselves. The *Townsend* Court made this distinction when addressing maintenance and cure actions,[75] and there is no persuasive reason to distinguish maintenance and cure actions from unseaworthiness actions with respect to the damages awardable. The purposes of punitive damages, punishment and deterrence,[76] apply equally to both of these general maritime causes of action. Nor are punitive damages compensation for a pecuniary or non-pecuniary "loss," as described in *Miles*.[77] They are not compensation for loss at all. One might argue for or against the desirability of punitive damages, but unless Congress legislates on the matter, their availability is clearly established not only in *Townsend*[78] but also in *Baker*.[79] They have been recognized

---

[74] *Id.* at 31, 32 (citing *Vreeland*, 227 U.S. at 69–71).

[75] 557 U.S. at 419–20.

[76] *See Exxon Shipping Co.*, 554 U.S. at 492–93.

[77] *See* 498 U.S. at 30–33.

[78] 557 U.S. at 407 ("Historically, punitive damages have been available and awarded in general maritime actions . . . . We find that nothing in *Miles* or the Jones Act eliminates that availability.").

[79] 554 U.S. at 489–90, 515 (noting that the issue of punitive damages in maritime law "falls within a federal court's jurisdiction to decide in the manner of a common law court, subject to the authority of Congress to legislate otherwise if it disagrees with the judicial result," and allowing an award of punitive damages).

as proper in appropriate circumstances since *The Amiable Nancy*.[80]

### Conclusion

The district court correctly denied Dutra's motion to strike the prayer for punitive damages. They are indeed awardable to seamen for their own injuries in general maritime unseaworthiness actions. Under *Miller v. Gammie*,[81] we cannot treat *Evich* as overruled by *Miles* unless *Miles* is "fundamentally inconsistent with the reasoning"[82] of *Evich* and *Evich* is "clearly irreconcilable"[83] with *Miles*. It is not. Under the *Miller* standard, *Evich* remains good law. And under *Townsend*, we would reach the same conclusion *Evich* did, even if we were not bound by *Evich*.

**AFFIRMED.**

---

[80] 16 U.S. (3 Wheat.) 546 (1818).

[81] 335 F.3d 889 (9th Cir. 2003).

[82] *Id.* at 892.

[83] *Id.* at 893.